**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

COMMWORKS SOLUTIONS, LLC,

Plaintiff,

v.

COMCAST CABLE COMMUNICATIONS, LLC, COMCAST CORPORATION, and COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC.,

Defendants.

Case No. 6:21-cv-00366-ADA

# DEFENDANTS' ANSWER AND DEFENSES TO COMPLAINT FOR PATENT INFRINGEMENT

Defendants Comcast Cable Communications, LLC and Comcast Cable Communications Management, LLC ("Defendants"), by and through their undersigned counsel, hereby respond to the Complaint for Patent Infringement ("Complaint") filed by plaintiff CommWorks Solutions, LLC ("Plaintiff"). Defendants deny all allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs. Comcast Corporation was named as a defendant but has been dismissed from the case and is therefore not required to, and does not, provide any response to the Complaint.

## PARTIES

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and on that basis denies them.

2. Defendant Comcast Cable Communications, LLC admits that it is a Delaware limited liability company with a principal place of business at 1701 John F. Kennedy Blvd.,

Philadelphia, Pennsylvania 19103. Defendant Comcast Cable Communications, LLC avers that it does not contest personal service for purposes of this action. Except as explicitly admitted and averred, the allegations of Paragraph 2 of the Complaint are denied.

3. Defendant Comcast Corporation has been dismissed from the case and is therefore not required to, and does not, provide any response to the Complaint. Since the allegations of Paragraph 3 are directed only to Comcast Corporation, the Defendants neither admit nor deny the allegations.

4. Defendant Comcast Cable Communications Management, LLC admits that it is a Delaware limited liability company with a principal place of business at 1701 John F. Kennedy Blvd., Philadelphia, Pennsylvania 19103. Defendant Comcast Cable Communications Management, LLC admits that a form entitled "Application for Registration of a Foreign For-Profit Corporation" has been filed in the State of Texas naming "Comcast Cable Communications Management, LLC" as the entity and further avers that the form speaks for itself. Defendant Comcast Cable Communications Management, LLC avers that it does not contest personal service for purposes of this action. Except as explicitly admitted, the allegations of Paragraph 4 of the Complaint are denied.

**JURISDICTION AND VENUE**

5. Paragraph 5 of the Complaint sets forth a conclusion of law to which no response is required though Defendants admit that this action purports to arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

6. Paragraph 6 of the Complaint sets forth a conclusion of law to which no response is required.

7. Paragraph 7 of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendants deny that the allegations establish that this Court has personal jurisdiction over each Defendant.

8. Paragraph 8 of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendants deny that the allegations establish that venue in this district is proper over either Defendant. Furthermore, Defendants deny that any Defendant has committed acts of infringement and deny the remainder of the allegations of Paragraph 8.

## BACKGROUND

9. Defendants admit that the '249 Patent on its face is entitled "Globally Accessible Computer Network-Based Broadband Communication System with User-Controllable Quality of Information Delivery and Flow Priority," but deny that it is a valid or properly issued patent. Defendants admit that Exhibit A to the Complaint purports to be a copy of the '249 Patent. Except as explicitly admitted, the allegations of Paragraph 9 of the Complaint are denied.

10. Defendants aver that the document cited in Paragraph 10 of the Complaint speaks for itself. Except as so averred, the allegations of this paragraph are denied.

11. Defendants aver that the document cited in Paragraph 11 of the Complaint speaks for itself. Except as so averred, the allegations of this paragraph are denied.

12. Defendants admit that the '465 Patent on its face is entitled "Method for Contention Free Traffic Detection," but deny that it is a valid or properly issued patent. Defendants admit that Exhibit B to the Complaint purports to be a copy of the '465 Patent. Except as explicitly admitted, the allegations of Paragraph 12 of the Complaint are denied.

13. Defendants aver that the document cited in Paragraph 13 of the Complaint speaks for itself. Except as so averred, the allegations of this paragraph are denied.

14. Defendants aver that the document cited in Paragraph 14 of the Complaint speaks for itself. Except as so averred, the allegations of this paragraph are denied.

15. Defendants admit that the ’285 Patent on its face is entitled “Time Based Wireless Access Provisioning,” but deny that it is a valid or properly issued patent. Defendants admit that Exhibit C to the Complaint purports to be a copy of the ’285 Patent. Except as explicitly admitted, the allegations of Paragraph 15 of the Complaint are denied.

16. Defendants aver that the document cited in Paragraph 16 of the Complaint speaks for itself. Except as so averred, the allegations of this paragraph are denied.

17. Defendants aver that the document cited in Paragraph 17 of the Complaint speaks for itself. Except as so averred, the allegations of this paragraph are denied.

18. Defendants admit that the ’664 Patent on its face is entitled “Determining and Provisioning Paths in a Network,” but deny that it is a valid or properly issued patent. Defendants admit that Exhibit D to the Complaint purports to be a copy of the ’664 Patent. Except as explicitly admitted, the allegations of Paragraph 18 of the Complaint are denied.

19. Defendants aver that the document cited in Paragraph 19 of the Complaint speaks for itself. Except as so averred, the allegations of this paragraph are denied.

20. Defendants aver that the document cited in Paragraph 20 of the Complaint speaks for itself. Except as so averred, the allegations of this paragraph are denied.

21. Defendants admit that the ’846 Patent on its face is entitled “Recovery Techniques in Mobile Networks,” but deny that it is a valid or properly issued patent.

Defendants admit that Exhibit E to the Complaint purports to be a copy of the '846 Patent. Except as explicitly admitted, the allegations of Paragraph 21 of the Complaint are denied.

22. Defendants aver that the document cited in Paragraph 22 of the Complaint speaks for itself. Except as so averred, the allegations of this paragraph are denied.

23. Defendants admit that the '883 Patent on its face is entitled "Enhanced Phone-Based Collaboration," but deny that it is a valid or properly issued patent. Defendants admit that Exhibit F to the Complaint purports to be a copy of the '883 Patent. Except as explicitly admitted, the allegations of Paragraph 23 of the Complaint are denied.

24. Defendants aver that the document cited in Paragraph 24 of the Complaint speaks for itself. Except as so averred, the allegations of this paragraph are denied.

25. Defendants aver that the document cited in Paragraph 25 of the Complaint speaks for itself. Except as so averred, the allegations of this paragraph are denied.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and on that basis deny them.

## NOTICE

27. Defendants admit that Defendant Comcast Cable Communications, LLC is in possession of correspondence referring to CommWorks and bearing the date February 21, 2020. Defendants aver that the correspondence speaks for itself. Except as explicitly admitted and averred, the allegations of Paragraph 27 of the Complaint are denied.

28. Defendants admit that Defendant Comcast Cable Communications, LLC is in possession of correspondence referring to CommWorks and bearing the date April 17, 2020. Defendants aver that the correspondence speaks for itself. Except as explicitly admitted and averred, the allegations of Paragraph 28 of the Complaint are denied.

29. Defendants admit that Defendant Comcast Cable Communications, LLC is in possession of correspondence referring to CommWorks and bearing the date April 22, 2020. Defendants aver that the correspondence speaks for itself. Except as explicitly admitted and averred, the allegations of Paragraph 29 of the Complaint are denied.

30. Defendants admit that Defendant Comcast Cable Communications, LLC is in possession of correspondence referring to CommWorks and bearing the date April 17, 2020. Defendants aver that the correspondence speaks for itself. Except as explicitly admitted and averred, the allegations of Paragraph 30 of the Complaint are denied.

31. Defendants admit that Defendant Comcast Cable Communications, LLC is in possession of correspondence referring to CommWorks and bearing the date May 8, 2020. Defendants aver that the correspondence speaks for itself. Except as explicitly admitted and averred, the allegations of Paragraph 31 of the Complaint are denied.

32. Defendants admit that Defendant Comcast Cable Communications, LLC is in possession of correspondence referring to CommWorks and bearing the date June 10, 2020. Defendants aver that the correspondence speaks for itself. Except as explicitly admitted and averred, the allegations of Paragraph 32 of the Complaint are denied.

33. Defendants admit that Defendant Comcast Cable Communications, LLC is in possession of correspondence referring to CommWorks and bearing the date August 26, 2020. Defendants aver that the correspondence speaks for itself. Except as explicitly admitted and averred, the allegations of Paragraph 33 of the Complaint are denied.

**COUNT I: [ALLEGED] INFRINGEMENT OF THE '249 PATENT BY COMCAST**

34. Defendants incorporate the responses to the preceding paragraphs as if fully set forth herein.

35. Denied.

36. Defendants aver that the documents cited in Paragraph 36 of the Complaint speak for themselves. Except as so averred, the allegations of this paragraph are denied.

37. Defendants aver that the documents cited in Paragraph 37 of the Complaint speak for themselves. Except as so averred, the allegations of this paragraph are denied.

38. Denied.

39. Denied.

**COUNT II: [ALLEGED] INFRINGEMENT OF THE '465 PATENT BY COMCAST**

40. Defendants incorporate the responses to the preceding paragraphs as if fully set forth herein.

41. Denied.

42. Defendants aver that the documents cited in Paragraph 42 of the Complaint speak for themselves. Except as so averred, the allegations of this paragraph are denied.

43. Defendants aver that the documents cited in Paragraph 43 of the Complaint speak for themselves. Except as so averred, the allegations of this paragraph are denied.

44. Denied.

45. Denied.

**COUNT III: [ALLEGED] INFRINGEMENT OF THE '285 PATENT BY COMCAST**

46. Defendants incorporate the responses to the preceding paragraphs as if fully set forth herein.

47. Denied.

48. Defendants aver that the documents cited in Paragraph 48 of the Complaint speak for themselves. Except as so averred, the allegations of this paragraph are denied.

49. Defendants aver that the documents cited in Paragraph 49 of the Complaint speak for themselves. Except as so averred, the allegations of this paragraph are denied.

50. Denied.

51. Denied.

**COUNT IV: [ALLEGED] INFRINGEMENT OF THE ’664 PATENT BY COMCAST**

52. Defendants incorporate the responses to the preceding paragraphs as if fully set forth herein.

53. Denied.

54. Defendants aver that the documents cited in Paragraph 54 of the Complaint speak for themselves. Except as so averred, the allegations of this paragraph are denied.

55. Defendants aver that the documents cited in Paragraph 55 of the Complaint speak for themselves. Except as so averred, the allegations of this paragraph are denied.

56. Denied.

57. Denied.

**COUNT V: [ALLEGED] INFRINGEMENT OF THE ’846 PATENT BY COMCAST**

58. Defendants incorporate the responses to the preceding paragraphs as if fully set forth herein.

59. Denied.

60. Defendants aver that the documents cited in Paragraph 60 of the Complaint speak for themselves. Except as so averred, the allegations of this paragraph are denied.

61. Defendants aver that the document cited in Paragraph 61 of the Complaint speaks for itself. Except as so averred, the allegations of this paragraph are denied.

62. Denied.

63. Denied.

**COUNT VI: [ALLEGED] INFRINGEMENT OF THE ’883 PATENT BY COMCAST**

64. Defendants incorporate the responses to the preceding paragraphs as if fully set forth herein.

65. Denied.

66. Defendants aver that the documents cited in Paragraph 66 of the Complaint speak for themselves. Except as so averred, the allegations of this paragraph are denied.

67. Defendants aver that the documents cited in Paragraph 67 of the Complaint speak for themselves. Except as so averred, the allegations of this paragraph are denied.

68. Denied.

69. Denied.

**PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled to the requested relief identified in items (A)-(I) of its Prayer for Relief or any other relief in connection with this action.

**DEMAND FOR JURY TRIAL**

Defendants admit that Plaintiff has demanded a trial by jury of its action, but deny that Plaintiff has raised any valid claims in the Complaint.

**DEFENDANTS’ DEFENSES TO COMPLAINT FOR PATENT INFRINGEMENT**

Subject to the responses above, Defendants allege and assert the following defenses in response to the allegations set forth above without undertaking or shifting any applicable burden of proof. In raising such defenses, Defendants do not agree or concede that they bear the burden of proof or the burden of persuasion as to any of these issues, whether in whole or in part. None of Defendants’ defenses should be understood as an admission of any allegation in the Complaint

and/or of any wrongful conduct. Discovery has not begun in this matter, and therefore Defendants specifically reserve the right to assert additional defenses, amend, modify, or expand these defenses, and to take further positions based on information that becomes known through the course of discovery.

**First Defense – Inconvenient Venue**

Venue in not appropriate in this District under 28 U.S.C. § 1404.

**Second Defense – Non-Infringement**

Defendants do not infringe and have not infringed, either literally or under the doctrine of equivalents, any valid and enforceable claims of the patents-in-suit.

**Third Defense – Invalidity**

Upon information and belief, each of the claims of the patents-in-suit are invalid for failure to satisfy one or more conditions of patentability set forth in 35 U.S.C. §§ 101, *et seq*., including but not limited to §§ 101, 102, 103, and 112, the applicable provisions of Title 37 of the Code of Federal Regulations, and judicially created bases for invalidation, such as double patenting. One or more claims of the patents-in-suit are invalid under 35 U.S.C. §§ 102 and 103 because one or more prior art references, including those references listed on the face of the patents-in-suit, either alone or in combination, disclose one or more claims of the patents-in-suit and/or the inventions claimed therein would have been obvious to a person of ordinary skill in the art in view of the prior art, including but not limited to the prior art listed on the face of the patents-in-suit. Additional prior art that invalidates the asserted claims of the patents-in-suit will be set forth in Defendants' invalidity contentions and any modifications or amendments thereto.

**Fourth Defense – Limitations on Doctrine of Equivalents**

To the extent Plaintiff alleges infringement under the doctrine of equivalents, its claims for relief are barred in whole or in part by prosecution history estoppel, claim vitiation, and/or recapture. Plaintiff is estopped, based on statements, representations, and admissions made during the prosecution before the U.S. Patent and Trademark Office of the patent applications resulting in the patents-in-suit, as well as patent applications and proceedings related to the patents-in-suit, from asserting that Defendants have infringed one or more claims of the patents-in-suit.

**Fifth Defense – Equitable Doctrines**

Plaintiff's claim for damages is barred, or limited by, the equitable doctrines of estoppel, waiver, unclean hands, and/or other equitable doctrines or defenses.

**Sixth Defense – Limitations on Damages**

Plaintiff's right to seek damages and other remedies from Defendants is limited by 35 U.S.C. §§ 285, 286, 287, and/or 288, and may additionally be limited by 28 U.S.C. § 1498.

**Seventh Defense – License and Exhaustion**

To the extent that any of Defendants' suppliers have a license to any of the patents-in-suit, the relief sought by Plaintiff is barred or limited by the license and/or under the doctrine of patent exhaustion.

**Eighth Defense – No Injunctive Relief**

On information and belief, Plaintiff's claims for injunctive relief, if any, are barred as a matter of law because any alleged injury is not immediate or irreparable, and Plaintiff has an adequate remedy at law for any alleged injury.

**Ninth Defense – FRAND Limitations**

To the extent Plaintiff's claims of infringement relate to an industry standard that carries with it an obligation to license on fair, reasonable, and non-discriminatory ("FRAND") terms, or an inventor or any patentee made a commitment to license one or more of the patents-in-suit pursuant to FRAND terms, Plaintiff's monetary relief is limited by such obligations.

**Reservation of All Defenses**

Defendants hereby give notice that they intend to rely upon any other matter constituting an avoidance or defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure, and further that they reserve the right to seek leave to amend this pleading to add, amend, withdraw, or modify these defenses as their investigation continues and facts are revealed through discovery.

**DEFENDANTS' DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants demand a trial by jury on all issues so triable.

**DEFENDANTS' PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request the following relief:

A. That Plaintiff's Complaint be dismissed in its entirety with prejudice and that a judgment be entered for Defendants and against Plaintiff;

B. A judgment that Plaintiff take nothing by way of its Complaint;

C. An order awarding Defendants their costs and/or reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

D. All such other and further relief as the Court deems just and proper.

Dates: June 18, 2021

Respectfully submitted,

By: /s/ *Deron R. Dacus*

Deron R. Dacus
State Bar No. 00790553
**The Dacus Firm, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
ddacus@dacusfirm.com

James L. Day (*pro hac vice* pending)
California State Bar No. 197158
Eugene Y. Mar
California State Bar No. 227071
**Farella Braun + Martel LLP**
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Phone: (415) 954-4400
Fax: (415) 954-4480
jday@fbm.com
emar@fbm.com

*Counsel for Defendants Comcast Cable Communications, LLC, Comcast Cable Communications Management, LLC, and Comcast Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2021, I caused the foregoing document to be electronically filed with the Clerk of the Court through the ECF system, which will send notification of such filing to all counsel of record.

/s/ *Deron R. Dacus*
Deron R. Dacus