**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| COMMWORKS SOLUTIONS, LLC, | |
| Plaintiff, | Civil Action No.: 6:21-CV-00366-ADA |
| v. | **Jury Trial Demanded** |
| COMCAST CABLE COMMUNICATIONS, LLC AND COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, | |
| Defendants. | |

**AGREED PROTECTIVE ORDER REGARDING THE DISCLOSURE
AND USE OF DISCOVERY MATERIALS**

WHEREAS, Plaintiff CommWorks Solutions, LLC ( "Plaintiff") and Defendants Comcast Cable Communications, LLC and Comcast Cable Communications Management, LLC ("Defendants" or "Comcast") hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by the Parties' discovery demands involves the production or disclosure of trade secrets, confidential business information, or other proprietary or protected information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.      Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom

the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").  Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL."  The word "CONFIDENTIAL" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought.  For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."

2.    Any document produced before issuance of this Order, including pursuant to the Court's Order Governing Proceedings - Patent Case, with the designation "Confidential" or the like shall receive the same treatment as if designated "CONFIDENTIAL" under this order and any such documents produced with the designation "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" under this Order, unless and until such document is re-designated to have a different classification under this Order.

3.    With respect to documents, information or material designated "CONFIDENTIAL, "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL

stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.  All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.  A Party may additionally identify Protected Material as "PROTECTED CONSUMER DATA" if the Party reasonably believes such material, or any part of it, to be subject to federal, state, or foreign data protection and/or privacy laws, regulations, or obligations.  Examples of such data protection laws include but are not limited to the California Consumer Privacy Act ("CCPA"); Directive 95/46/EC of the European Parliament and of the Counsel of 24 October 1995 on the Protection of Individuals with Regard to the Processing of Personal Data and on the Free Movement of Such Data, 1995 O.J. (L281/31) (European Union personal information); Data Protection Act 1998 (c. 29) (United Kingdom personal information); the German Federal Data Protection Act (Germany personal information); the Belgian Law of December 8, 1992 on Privacy Protection in relation to the Processing of Personal Data (Belgium personal information); the Federal Data Protection Act of 1992 (Switzerland personal information); Personal Information Protection and Electronic Documents Act (PIPEDA), S.C. 2000, c. 5 (Canada personal information); The Federal Law on Protection of Personal Data held by Private Parties (published July 5, 2010) (Mexico personal information); and The Personal

---

- SOURCE CODE," both individually and collectively.

Information Protection Act (Law No. 57 of 2003) (Japan personal information). PROTECTED CONSUMER DATA includes, but is not limited to, information that identifies, relates to, describes, is capable of being associated with, or could reasonably be linked, directly or indirectly, with a particular consumer or household, including online identifiers, Internet Protocol addresses, email addresses, browsing history, search history, geolocation data, and information regarding a consumer's interaction with a website or online application or advertisement.

4.      A designation of Protected Material (i.e., "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE") may be made at any time.  Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated.  The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5.      "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 15 herein:

(a)     outside counsel of record in this Action for the Parties;

(b)     employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)     in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

(d)     up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent. A Party must identify each designated representative to the other Party at least ten (10) days before access to the Protected Material is to be given to the designated representative to permit the other Party to object to and notify the designating Party in writing that it objects to disclosure of Protected Material to the designated representative. The Parties agree to promptly confer and use good faith to resolve any such objection.  If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of receipt of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure.  The objecting Party shall have the burden of proving the need for a protective order.  No disclosure shall occur until all such objections are resolved by agreement or Court order;

(e)     outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that:  (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action and are not otherwise involved in competitive decision-making on behalf of a Party; (2) such consultants or experts are not presently employed by a competitor of a Party; (3) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert, including a list of other cases in which the individual has provided a report or testified (at trial or deposition) and a list of companies that the individual has been employed by or provided consulting services pertaining to the field of invention of the patents-in-suit or the products accused of infringement within the last four years, at least ten (10) days before access to the Protected Material is to be given to that consultant or expert to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert.  The Parties agree to promptly confer and use good faith to resolve any such objection.  If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15)

days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(f)     independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action;

(g)     the Court and its personnel;

(h)     Mediators and staff; and

(i)     Any other person only with prior written consent of the Producing Party.

6.      A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary or protected information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.      Documents, information, or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL but excluding public information, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.   Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.    Any such copies, duplicates, extracts, summaries, or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.  This Order does not limit the use of materials obtained

by a Party from a source other than the producing Party in a manner that does not violate this Order (e.g., from a public source).

8.  To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "CONFIDENTIAL - SOURCE CODE." For clarity, and without limitation, Source Code Material can include computer code, configuration files, scripts, assembly, binaries, executable code, object code, source code, source code listings, comments for source code, source code revision histories, and descriptions of source code, object code listings, comments for object code, object code revision histories, and descriptions of object code, Verilog or other types of Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, and other electronic files used in network operations, comments for network operation files, and network operation revision histories. Nothing in this Order shall be construed as a representation or admission that Source Code Material, or that any particular Source Code Material, is properly discoverable in this Action or to obligate any Party to produce any Source Code Material.

9.  For Protected Material designated –CONFIDENTIAL - ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-c) and (e-i); provided, however, that access by in-house counsel pursuant

to paragraph 5(c) be limited to in-house counsel who exercise no competitive decision-making authority on behalf of the client.

10.    For Protected Material designated CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a–b) and (e–i).

11.    For Protected Material designated CONFIDENTIAL - SOURCE CODE, the following additional restrictions apply:

(a)    Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The stand-alone computer(s) will be configured to prevent additional peripheral devices (*e.g.,* USB thumb drives) from being connected to them. Additionally, except as provided in paragraph 8(m) below, the stand-alone computer(s) may be located at the offices of the producing Party's outside counsel or, at the producing Party's option, a third party facility ("Review Facility")  Except for the Notetaking Computer, as specified in Section 11(h), no other recording material or electronic devices (including without limitation mobile telephones) are allowed in the room with the stand-alone computer(s). The receiving Party shall not attempt to use any peripheral device of any kind (other than the keyboard, mouse, and monitor that may be provided by the producing Party) with the stand-alone computer(s), nor shall the receiving Party attempt to install any software on the stand-alone computer(s). All reviewers must be identified to the producing Party at least 5 days in advance of the review and must sign a log and show identification before entering the room with the stand-alone computer(s). The room may be visually monitored at all times during any review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code;

(b)    The receiving Party shall give at least 10-days notice of an intention to begin reviewing Source Code Material and at least 5-days notice of any subsequent review. The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:30 a.m. through 5:30 p.m. However, upon reasonable notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel or Review Facility shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c)     The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(d)     Access to Protected Material designated CONFIDENTIAL - SOURCE CODE shall be limited to outside counsel and up to three (3) outside consultants or experts[2] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above. Access to and review of Source Code Material shall be strictly for the purpose of investigating the claims and defenses at issue in this case. No person shall review or analyze any such material for purposes unrelated to this case, nor may any person use any knowledge gained as a result of reviewing such material in this case in any other pending or future dispute, proceeding, or litigation. A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document (collectively, "Source Code Documents"), provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders. All Source Code Material used during a deposition or marked as an exhibit at a deposition will be retrieved by the Party conducting the deposition at the end of each day. At no time, will any Source Code Material be given to or left with the court reporter. Rather, the deposition record will identify the exhibit by its production numbers; In the event of a remote deposition, at least 48 hours in advance of the deposition, the receiving Party will identify materials designated CONFIDENTIAL - SOURCE CODE that it intends to mark as an exhibit and the Producing Party will be responsible for making a copy available to the deponent.

(e)     To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as CONFIDENTIAL - SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as CONFIDENTIAL - SOURCE CODE;

(f)     Except as set forth in paragraph 11(m) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert for purposes of Paragraph 10(d). Any such personnel assisting with the analysis of Source Code Material shall be disclosed pursuant to Paragraph 5(e).

and order, must be filed or served electronically To the extent the receiving Party serves electronic files containing Source Code Material, the receiving Party must use commercially reasonable encryption software including password protection for the transmission of such files;

(g)    The receiving Party shall be permitted to have printed by the producing Party portions of Source Code Material reasonably anticipated by the receiving Party to be necessary for use in, and preparation for, court filings and proceedings, infringement or invalidity contentions, expert reports, and depositions of persons or entities permitted access to CONFIDENTIAL - SOURCE CODE information of the producing Party, and such other uses to which the Parties may agree or that the Court may order.  The receiving Party shall not print Source Code Material in order to review blocks of Source Code Material elsewhere in the first instance, *i.e.*, as an alternative to reviewing that Source Code Material electronically on the stand-alone computer(s), as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that printing is permitted solely to enable use of Source Code Materials in filings, depositions, proceedings, contentions, expert reports, and related drafts and correspondence.  The receiving Party may request a reasonable number of printouts of Source Code Material, all of which shall be designated and clearly labeled "CONFIDENTIAL - SOURCE CODE." Requested printouts will be provided to the receiving Party within 5 buiness days after receipt of the request.  In considering what is reasonable, the receiving Party shall not, in general, ask that more than 200 pages—with a page being one that has at least 35 lines of code—of Source Code Material be printed, with no more than 10 consecutive pages of any material. Further, the receiving Party's counsel may make no more than three additional paper copies of such printouts (not including copies attached to court filings) and each shall be designated and clearly labeled "CONFIDENTIAL - SOURCE CODE." In the event that a producing Party believes that a particular printing request is unreasonable, the producing Party and receiving Party shall meet and confer in good faith to attempt to resolve this dispute without the Court's involvement.  If they cannot resolve the issue, either Party may seek an order from the Court;

(h)  The outside counsel and outside consultants or experts of a receiving Party shall be entitled to take notes (electronic or non-electronic) relating to the Source Code Material but may not copy any lines of the Source Code Material into such notes. To the extent the receiving Party desires to take notes electronically, the Producing Party shall provide a note-taking computer (e.g., a computer, which is distinct from the standalone computer, that is not linked to any network, including a local area network ("LAN"), an intranet or the Internet, and has image making functionality of any type disabled, including but not limited to camera or video functionality) ("note-taking computer") with a current, widely used word processing program in the secure location for the receiving Party's use in taking such notes. The "note-taking computer" shall be used for the sole purpose of note-taking and shall be retained by the producing Party. Such notes shall be downloaded to a removable

disk or drive for the receiving Party to retain, and the computer cleared of such notes. The removable disk or drive to which the notes are downloaded shall employ AES-256 encryption, protected by at least an 8-character password. The note-taking computer shall have no features which would hinder the complete clearing of the receiving Party's notes after such notes have been downloaded.

> The receiving Party shall maintain any notes removed from the secure location in the encrypted form described above at all times when storing or transporting them. The receiving Party will move the removable disk or drive to which the notes are downloaded only by hand and shall not copy the materials from the removable disk or drive onto a computer network or onto a computer that is connected to a computer network. These materials must be deleted from any computer prior to connecting that computer to a computer network.

Any such notes shall not include copies or reproductions of portions of the source code; however, the notes may contain filenames, directory names, module names, class names, parameter names, variable names, function names, method names, or procedure names. No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein. Further, no other written or electronic record of the source code is permitted except as otherwise provided herein. No notes shall be made or stored on the inspection computer, or left behind at the site where the inspection computer is made available, and any such notes shall be deleted or destroyed by the producing Party, without reviewing the substance of the notes, upon discovery.

> Notwithstanding the foregoing, any such notes shall be stamped and treated as "CONFIDENTIAL - SOURCE CODE." The receiving Party may print notes off of the USB storage device and may make backup copies of the removable disk or drive to which the notes are downloaded on a similarly encrypted storage device. Any notes relating to Source Code Material will be designated and treated as "CONFIDENTIAL - SOURCE CODE."

If an individual inspecting the producing Party's Source Code Material seeks to take notes on hardcopy paper, all such notes will be taken on bound (spiral or other type of permanently bound) notebooks. No loose paper or other paper that can be used in a printer may be brought into the room housing the stand-alone computer(s). In addition, outside counsel and outside consultants or experts of a receiving Party may not bring into the room housing the stand-alone computer(s) any recording devices, including, but not limited to, laptops or other portable computers; audio, image or video recorders; or wireless devices with data transmission capabilities or recording capabilities (*e.g.*, cameras), unless agreed otherwise by the Parties in writing. Outside counsel and outside consultants or experts of a receiving Party may not leave work product or other materials to which the receiving Party claims privilege in the room used to inspect the producing Party's Source Code Material or on a producing Party's stand-alone computer(s).

11

The producing Party shall not monitor or review the receiving Party's reviewer's notes;

(i)     At the completion of the requesting Party's review, the producing Party will Bates number and provide any printed paper copies to the requesting Party within five (5) business days of the requesting Party's request, unless otherwise agreed or the producing Party objects to the request. The producing Party may object to any portion of any printed Source Code Material as not relevant to any claim or defense in this litigation. The parties shall meet and confer to resolve any such dispute within five (5) business days of the receiving Party's Source Code Material print request. If the Parties are unable to resolve such a dispute informally within five (5) business days of having met and conferred, the receiving Party may apply to the Court for relief at any time thereafter. The receiving Party shall maintain a record of any individual who has inspected any portion of the Source Code Material in electronic or paper form;

(j)     Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "CONFIDENTIAL - SOURCE CODE" and shall continue to be treated as such;

(k)     All paper copies shall be securely destroyed if they are no longer necessary in the Action (e.g., extra copies at the conclusion of a deposition). Copies of Source Code Material that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers;

(l)     If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition);

(m)    A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 11(d) above to another person authorized under paragraph 10(d) above, on paper or removable electronic media (e.g., a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in

12

paragraph 11(l) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

(n)    Access to Source Code Material shall not be affected by, and will continue past, the conclusion of fact discovery. The producing Party shall continue to make source code available to the receiving Party's counsel and experts defined in Section 5 (a), (b), and (e) as part of expert discovery up to the date opening expert reports are due under the applicable scheduling order. In addition, the producing Party shall make source code available to the receiving Party's counsel and experts defined in Section 5 (a), (b), and (e) for one additional review session after the date rebuttal expert reports are due and before the receiving Party's technical expert or experts are deposed.

12.    For Protected Material designated CONFIDENTIAL - PROTECTED CONSUMER DATA, such Protected Material shall be treated as if designated as CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY with the further restriction that it shall be handled by counsel for the receiving Party with the highest care, including but not limited to the procedures that they would employ to protect their own personally identifiable information; and the documents produced shall be stored and secured in a manner designed to prevent access to persons other than the individuals permitted by this Order, and that all such information stored in electronic form shall be password protected.

13.    Any attorney representing the Plaintiff, whether in-house or outside counsel, and any person associated with the Plaintiff and permitted to receive the Defendants' Protected Material that is designated CONFIDENTIAL - ATTORNEYS' EYES ONLY, CONFIDENTIAL - OUTSIDE ATTORNEYS EYES ONLY, and/or CONFIDENTIAL - SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the Defendants' HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application (collectively "Prosecute")

pertaining to the field of the invention of the patents-in-suit during the pendency of this Action and for one year after its conclusion, including any appeals. The field of invention of the patents-in-suit includes (1) communications systems that operate in association with a globally accessible computer network such and the Internet; (2) methods and devices for detecting priority of data frames in a network; (3) wireless connections between a wireless device and a network; (4) methods for creating models for routing traffic across networks and between networks; (5) data recovery techniques for use in mobile networks; and (6) systems and methods for enhanced phone-based collaboration. To ensure compliance with the purpose of this provision, the Plaintiff shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patents-in-suit.  To avoid any doubt, "Prosecute" as used in this paragraph does not include representing a Party for secretarial purposes, such as, for example, recording assignments and paying maintenance fees. Further, "Prosecute" as used in this paragraph does not include representing a Party in *Inter Partes* Review (IPR) or Post-Grant Review (PGR) proceedings provided that no amendment to claim scope is sought, through a motion to amend or otherwise, in that proceeding.

14. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such

production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party. In the case of such returned production, the producing Party shall provide a privilege log identifying such documents or information within five (5) business days of its original notice to the receiving Party. No use shall be made of such documents or information during depositions, through motion practice, or at trial, except that the receiving Party may move the Court for an Order compelling production of any such documents or information in accordance with the Federal Rules of Civil Procedure and may cite and submit the privilege log in support of such a motion.

15.   There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities. In the event of any accidental or inadvertent disclosure of DESIGNATED MATERIAL other than in a manner authorized by this Order, counsel for the party responsible for the disclosure shall

immediately notify opposing counsel of the pertinent facts and make every effort to prevent further unauthorized disclosure including retrieving all copies of the DESIGNATED MATERIAL from the recipient(s) thereof, securing the agreement of the recipients not to further disseminate the DESIGNATED MATERIAL in any form, and sending a copy of this Order and the Undertaking attached as Appendix A and making a good faith effort to get the recipient(s) to sign the Undertaking.  Compliance with the foregoing shall not prevent a party from seeking further relief from the Court.

16.     Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating Party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 7 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation (subject to Paragraph 5(e) of this Order); (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons

unless prior authorization is obtained from counsel representing the producing Party or from the Court.

17.    Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEY' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY.

18.    Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. Filing or lodging Protected Material under seal shall be made in compliance with the Court's Standing Order Regarding Filing Documents Under Seal and Redacted Public Versions issued on October 13, 2021, and any updated or modified version of the Standing order.  The filing Party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on DESIGNATED MATERIAL, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

19.     The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court. Where DESIGNATED MATERIAL is used at trial, it shall be subject to a separate agreement or order.  The Parties agree to work in good faith to address confidentiality issues in such an agreement or order at the pretrial stage of this Action.

20.     A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn and the basis for its request. If the designating Party does not agree to redesignation within seven (7) business days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rule of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.  In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Frivolous designations as well as frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expense or burden on another party) may expose the challenging party to sanctions. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

21.     Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order,

and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

22.    Discovery from experts and consultants shall be subject to the following limitations:

(a) Absent good cause, drafts of reports of testifying experts, and reports and other written materials, including drafts, of consulting experts, shall not be discoverable, including information protected by Federal Rule of Civil Procedure 26.

(b) Drafts of reports and materials exempt from discovery under the foregoing Paragraph shall be treated as attorney work product for the purposes of this case and Protective Order.

(c) Testifying experts shall not be subject to discovery with respect to any draft of his or her report(s) in this case. Draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

(d) Discovery of materials provided to testifying experts shall be governed by the provisions of Federal Rule of Civil Procedure 26.

(e) No conversations or e-mail communications between counsel and any testifying expert will be subject to discovery unless the conversations or e-mail communications are relied upon by such experts in formulating opinions or asserting facts that are presented in reports or trial or deposition testimony in this case.

(f) Materials, communications, and other information exempt from discovery under the foregoing Paragraphs 22(a)–(e) shall be treated as attorney-work product for the purposes of this litigation and Order.

23. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order and provide documents and information under the terms of this Order.  A Third Party's use of this Order to protect its DESIGNATED MATERIAL does not entitle that Third Party access to the DESIGNATED MATERIAL produced by any Party in this case.

24. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have seven (7) business days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" in accordance with this Order.

25. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts

incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action) shall be destroyed.  No copies shall be retained by a receiving Party or other individuals retained to assist them in this litigation, except that counsel may retain archival copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order.  The language contained in this paragraph shall not preclude counsel from retaining documents and/or communications constituting attorney work product as defined by applicable law, or from retaining one copy of all such attorney work product documents as part of a permanent litigation file that is otherwise subject to the confidentiality restrictions set forth herein.  The receiving Party shall confirm the destruction in writing to the producing Party.

26.     The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

27.     Any Party knowing or believing that any other Party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing Party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the

Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

28.    Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

29.    Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

30.    Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL. Furthermore, without application to the Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other Party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

**So ORDERED and SIGNED this 29th day of March, 2022**

**HONORABLE ALAN D ALBRIGHT**
**UNITED STATES DISTRICT JUDGE**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

COMMWORKS SOLUTIONS, LLC,

|                                    | Plaintiff, |
| :--------------------------------- | ---------: |

Civil Action No.: 6:21-CV-00366-ADA

v.

**Jury Trial Demanded**

COMCAST CABLE COMMUNICATIONS, LLC
AND COMCAST CABLE COMMUNICATIONS
MANAGEMENT, LLC,,

Defendants.

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING**
**PROTECTIVE ORDER**

I, _____, declare that:

1. My address is _____. My current employer is _____. My current occupation is _____.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE" that is disclosed to me.

4.     Promptly upon termination of these actions, I will return all documents and things designated as  "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.     I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature

_____

Date _____, 2022.