**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| COMMWORKS SOLUTIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST CABLE COMMUNICATIONS, LLC and COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC,<br><br>Defendants. | Case No. 6:21-cv-00366-ADA<br><br>**Jury Trial Demanded** |

**DEFENDANTS' AMENDED ANSWER AND DEFENSES TO COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIM FOR BREACH OF CONTRACT**

**REDACTED – PUBLIC VERSION**

Defendants Comcast Cable Communications, LLC and Comcast Cable Communications Management, LLC ("Defendants"), by and through their undersigned counsel, hereby respond to the Complaint for Patent Infringement ("Complaint") filed by plaintiff CommWorks Solutions, LLC ("Plaintiff"). Defendants deny all allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs. Comcast Corporation was named as a defendant but has been dismissed from the case and is therefore not required to, and does not, provide any response to the Complaint.

## PARTIES

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and on that basis denies them.

2. Defendant Comcast Cable Communications, LLC admits that it is a Delaware limited liability company with a principal place of business at 1701 John F. Kennedy Blvd., Philadelphia, Pennsylvania 19103. Defendant Comcast Cable Communications, LLC avers that it does not contest personal service for purposes of this action. Except as explicitly admitted and averred, the allegations of Paragraph 2 of the Complaint are denied.

3. Defendant Comcast Corporation has been dismissed from the case and is therefore not required to, and does not, provide any response to the Complaint. Since the allegations of Paragraph 3 are not directed only to Comcast Corporation, the Defendants neither admit nor deny the allegations.

4. Defendant Comcast Cable Communications Management, LLC admits that it is a Delaware limited liability company with a principal place of business at 1701 John F. Kennedy Blvd., Philadelphia, Pennsylvania 19103. Defendant Comcast Cable Communications Management, LLC admits that a form entitled "Application for Registration of a Foreign For-

Profit Corporation" has been filed in the State of Texas naming "Comcast Cable Communications Management, LLC" as the entity and further avers that the form speaks for itself. Defendant Comcast Cable Communications Management, LLC avers that it does not contest personal service for purposes of this action. Except as explicitly admitted, the allegations of Paragraph 4 of the Complaint are denied.

## JURISDICTION AND VENUE

5. Paragraph 5 of the Complaint sets forth a conclusion of law to which no response is required though Defendants admit that this action purports to arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

6. Paragraph 6 of the Complaint sets forth a conclusion of law to which no response is required.

7. Paragraph 7 of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendants deny that Plaintiff has established a prima facie basis for personal jurisdiction over each Defendant and therefore deny that this Court has personal jurisdiction over each Defendant.

8. Paragraph 8 of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, however, Defendants deny that venue in this district is proper over either Defendant. Furthermore, Defendants deny that any Defendant has committed acts of infringement and deny the remainder of the allegations of Paragraph 8.

## BACKGROUND

9. Defendants admit that the '249 Patent on its face is entitled "Globally Accessible Computer Network-Based Broadband Communication System with User-Controllable Quality of

Information Delivery and Flow Priority," but deny that it is a valid or properly issued patent. Defendants admit that Exhibit A to the Complaint purports to be a copy of the '249 Patent. Except as explicitly admitted, the allegations of Paragraph 9 of the Complaint are denied.

10. Defendants aver that the document cited in Paragraph 10 of the Complaint speaks for itself. Except as so averred, the allegations of this paragraph are denied.

11. Defendants aver that the document cited in Paragraph 11 of the Complaint speaks for itself. Except as so averred, the allegations of this paragraph are denied.

12. Defendants admit that the '465 Patent on its face is entitled "Method for Contention Free Traffic Detection," but deny that it is a valid or properly issued patent. Defendants admit that Exhibit B to the Complaint purports to be a copy of the '465 Patent. Except as explicitly admitted, the allegations of Paragraph 12 of the Complaint are denied.

13. Defendants aver that the document cited in Paragraph 13 of the Complaint speaks for itself. Except as so averred, the allegations of this paragraph are denied.

14. Defendants aver that the document cited in Paragraph 14 of the Complaint speaks for itself. Except as so averred, the allegations of this paragraph are denied.

15. Defendants admit that the '285 Patent on its face is entitled "Time Based Wireless Access Provisioning," but deny that it is a valid or properly issued patent. Defendants admit that Exhibit C to the Complaint purports to be a copy of the '285 Patent. Except as explicitly admitted, the allegations of Paragraph 15 of the Complaint are denied.

16. Defendants aver that the document cited in Paragraph 16 of the Complaint speaks for itself. Except as so averred, the allegations of this paragraph are denied.

17. Defendants aver that the document cited in Paragraph 17 of the Complaint speaks for itself. Except as so averred, the allegations of this paragraph are denied.

18. Defendants admit that the ’664 Patent on its face is entitled “Determining and Provisioning Paths in a Network,” but deny that it is a valid or properly issued patent. Defendants admit that Exhibit D to the Complaint purports to be a copy of the ’664 Patent. Except as explicitly admitted, the allegations of Paragraph 18 of the Complaint are denied.

19. Defendants aver that the document cited in Paragraph 19 of the Complaint speaks for itself. Except as so averred, the allegations of this paragraph are denied.

20. Defendants aver that the document cited in Paragraph 20 of the Complaint speaks for itself. Except as so averred, the allegations of this paragraph are denied.

21. Defendants admit that the ’846 Patent on its face is entitled “Recovery Techniques in Mobile Networks,” but deny that it is a valid or properly issued patent. Defendants admit that Exhibit E to the Complaint purports to be a copy of the ’846 Patent. Except as explicitly admitted, the allegations of Paragraph 21 of the Complaint are denied.

22. Defendants aver that the document cited in Paragraph 22 of the Complaint speaks for itself. Except as so averred, the allegations of this paragraph are denied.

23. Defendants admit that the ’883 Patent on its face is entitled “Enhanced Phone-Based Collaboration,” but deny that it is a valid or properly issued patent. Defendants admit that Exhibit F to the Complaint purports to be a copy of the ’883 Patent. Except as explicitly admitted, the allegations of Paragraph 23 of the Complaint are denied.

24. Defendants aver that the document cited in Paragraph 24 of the Complaint speaks for itself. Except as so averred, the allegations of this paragraph are denied.

25. Defendants aver that the document cited in Paragraph 25 of the Complaint speaks for itself. Except as so averred, the allegations of this paragraph are denied.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and on that basis deny them.

**NOTICE**

27. Defendants admit that Defendant Comcast Cable Communications, LLC is in possession of correspondence referring to CommWorks and bearing the date February 21, 2020. Defendants aver that the correspondence speaks for itself. Except as explicitly admitted and averred, the allegations of Paragraph 27 of the Complaint are denied.

28. Defendants admit that Defendant Comcast Cable Communications, LLC is in possession of correspondence referring to CommWorks and bearing the date April 17, 2020. Defendants aver that the correspondence speaks for itself. Except as explicitly admitted and averred, the allegations of Paragraph 28 of the Complaint are denied.

29. Defendants admit that Defendant Comcast Cable Communications, LLC is in possession of correspondence referring to CommWorks and bearing the date April 22, 2020. Defendants aver that the correspondence speaks for itself. Except as explicitly admitted and averred, the allegations of Paragraph 29 of the Complaint are denied.

30. Defendants admit that Defendant Comcast Cable Communications, LLC is in possession of correspondence referring to CommWorks and bearing the date April 17, 2020. Defendants aver that the correspondence speaks for itself. Except as explicitly admitted and averred, the allegations of Paragraph 30 of the Complaint are denied.

31. Defendants admit that Defendant Comcast Cable Communications, LLC is in possession of correspondence referring to CommWorks and bearing the date May 8, 2020. Defendants aver that the correspondence speaks for itself. Except as explicitly admitted and averred, the allegations of Paragraph 31 of the Complaint are denied.

32. Defendants admit that Defendant Comcast Cable Communications, LLC is in possession of correspondence referring to CommWorks and bearing the date June 10, 2020. Defendants aver that the correspondence speaks for itself. Except as explicitly admitted and averred, the allegations of Paragraph 32 of the Complaint are denied.

33. Defendants admit that Defendant Comcast Cable Communications, LLC is in possession of correspondence referring to CommWorks and bearing the date August 26, 2020. Defendants aver that the correspondence speaks for itself. Except as explicitly admitted and averred, the allegations of Paragraph 33 of the Complaint are denied.

**COUNT I: [ALLEGED] INFRINGEMENT OF THE ’249 PATENT BY COMCAST**

34. Defendants incorporate the responses to the preceding paragraphs as if fully set forth herein.

35. Denied.

36. Defendants aver that the documents cited in Paragraph 36 of the Complaint speak for themselves. Except as so averred, the allegations of this paragraph are denied.

37. Defendants aver that the documents cited in Paragraph 37 of the Complaint speak for themselves. Except as so averred, the allegations of this paragraph are denied.

38. Denied.

39. Denied.

**COUNT II: [ALLEGED] INFRINGEMENT OF THE ’465 PATENT BY COMCAST**

40. Defendants incorporate the responses to the preceding paragraphs as if fully set forth herein.

41. Denied.

42. Defendants aver that the documents cited in Paragraph 42 of the Complaint speak for themselves. Except as so averred, the allegations of this paragraph are denied.

43. Defendants aver that the documents cited in Paragraph 43 of the Complaint speak for themselves. Except as so averred, the allegations of this paragraph are denied.

44. Denied.

45. Denied.

**COUNT III: [ALLEGED] INFRINGEMENT OF THE ’285 PATENT BY COMCAST**

46. Defendants incorporate the responses to the preceding paragraphs as if fully set forth herein.

47. Denied.

48. Defendants aver that the documents cited in Paragraph 48 of the Complaint speak for themselves. Except as so averred, the allegations of this paragraph are denied.

49. Defendants aver that the documents cited in Paragraph 49 of the Complaint speak for themselves. Except as so averred, the allegations of this paragraph are denied.

50. Denied.

51. Denied.

**COUNT IV: [ALLEGED] INFRINGEMENT OF THE ’664 PATENT BY COMCAST**

52. Defendants incorporate the responses to the preceding paragraphs as if fully set forth herein.

53. Denied.

54. Defendants aver that the documents cited in Paragraph 54 of the Complaint speak for themselves. Except as so averred, the allegations of this paragraph are denied.

55. Defendants aver that the documents cited in Paragraph 55 of the Complaint speak for themselves. Except as so averred, the allegations of this paragraph are denied.

56. Denied.

57. Denied.

**COUNT V: [ALLEGED] INFRINGEMENT OF THE ’846 PATENT BY COMCAST**

58. Defendants incorporate the responses to the preceding paragraphs as if fully set forth herein.

59. Denied.

60. Defendants aver that the documents cited in Paragraph 60 of the Complaint speak for themselves. Except as so averred, the allegations of this paragraph are denied.

61. Defendants aver that the document cited in Paragraph 61 of the Complaint speaks for itself. Except as so averred, the allegations of this paragraph are denied.

62. Denied.

63. Denied.

**COUNT VI: [ALLEGED] INFRINGEMENT OF THE ’883 PATENT BY COMCAST**

64. Defendants incorporate the responses to the preceding paragraphs as if fully set forth herein.

65. Denied.

66. Defendants aver that the documents cited in Paragraph 66 of the Complaint speak for themselves. Except as so averred, the allegations of this paragraph are denied.

67. Defendants aver that the documents cited in Paragraph 67 of the Complaint speak for themselves. Except as so averred, the allegations of this paragraph are denied.

68. Denied.

69. Denied.

**PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled to the requested relief identified in items (A)-(I) of its Prayer for Relief or any other relief in connection with this action.

**DEMAND FOR JURY TRIAL**

Defendants admit that Plaintiff has demanded a trial by jury of its action, but deny that Plaintiff has raised any valid claims in the Complaint.

**DEFENDANTS' DEFENSES TO COMPLAINT FOR PATENT INFRINGEMENT**

Subject to the responses above, Defendants allege and assert the following defenses in response to the allegations set forth above without undertaking or shifting any applicable burden of proof. In raising such defenses, Defendants do not agree or concede that they bear the burden of proof or the burden of persuasion as to any of these issues, whether in whole or in part. None of Defendants' defenses should be understood as an admission of any allegation in the Complaint and/or of any wrongful conduct. Defendants specifically reserve the right to assert additional defenses, amend, modify, or expand these defenses, and to take further positions based on information that becomes known through the course of further discovery.

**First Defense – Inconvenient Venue**

Venue in not appropriate in this District under 28 U.S.C. § 1404.

**Second Defense – Non-Infringement**

Defendants do not infringe and have not infringed, either literally or under the doctrine of equivalents, any valid and enforceable claims of the patents-in-suit.

**Third Defense – Invalidity**

Upon information and belief, each of the claims of the patents-in-suit are invalid for failure to satisfy one or more conditions for patentability set forth in 35 U.S.C. §§ 101, *et seq*., including but not limited to §§ 101, 102, 103, 112, and 252, the applicable provisions of Title 37 of the Code of Federal Regulations, and judicially created bases for invalidation, such as double patenting. One or more claims of the patents-in-suit are invalid under 35 U.S.C. §§ 102 and 103 because one or more prior art references, including those references listed on the face of the patents-in-suit, either alone or in combination, disclose one or more claims of the patents-suit and/or the inventions claimed therein would have been obvious to a person of ordinary skill in the art in view of the prior art, including but not limited to the prior art listed on the face of the patents-in-suit. Additional prior art that invalidates the asserted claims of the patents-in-suit has been set forth in Defendants' invalidity contentions and any modifications or amendments thereto.

**Fourth Defense – Limitations on Doctrine of Equivalents**

To the extent Plaintiff alleges infringement under the doctrine of equivalents, its claims for relief are barred in whole or in part by prosecution history estoppel, claim vitiation, and/or recapture. Plaintiff is estopped, based on statements, representations, and admissions made during the prosecution before the U.S. Patent and Trademark Office of the patent applications resulting in the patents-in-suit, as well as patent applications and proceedings related to the patents-in-suit, from asserting that Defendants have infringed one or more claims of the patents-in-suit.

**Fifth Defense – Equitable Doctrines**

Plaintiff's claim for damages is barred, or limited by, the equitable doctrines of estoppel, waiver, unclean hands, and/or other equitable doctrines or defenses.

**Sixth Defense – Limitations on Damages**

Plaintiff's right to seek damages and other remedies from Defendants is limited by 35 U.S.C. §§ 285, 286, 287, and/or 288, and may additionally be limited by 28 U.S.C. § 1498.

**Seventh Defense – License and Exhaustion**

To the extent that any of Defendants' suppliers have a license to any of the patents-in-suit, the relief sought by Plaintiff is barred or limited by the license and/or under the doctrine of patent exhaustion.

**Eighth Defense – No Injunctive Relief**

On information and belief, Plaintiff's claims for injunctive relief, if any, are barred as a matter of law because any alleged injury is not immediate or irreparable, and Plaintiff has an adequate remedy at law for any alleged injury.

**Ninth Defense – FRAND Limitations**

To the extent Plaintiff's claims of infringement relate to an industry standard that carries with it an obligation to license on fair, reasonable, and non-discriminatory ("FRAND") terms, or the inventor or any patentee made a commitment to license one or more of the patents-in-suit pursuant to FRAND terms, Plaintiff's monetary relief is limited by such obligations.

**Tenth Defense – Lack of Standing**

Plaintiff lacks standing to sue for infringement of the asserted patents.

**Reservation of All Defenses**

Defendant hereby gives notice that it intends to rely upon any other matter constituting an avoidance or defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure, and further that it reserves the right to seek leave to amend this pleading to add, amend, withdraw, or modify these defenses as its investigation continues and facts are revealed through discovery.

**COMCAST'S COUNTERCLAIM**

Pursuant to Federal Rule of Civil Procedure 13, defendants Comcast Cable Communications, LLC and Comcast Cable Communications Management, LLC ("Comcast") file the following counterclaim against plaintiff CommWorks Solutions, LLC ("CommWorks"). In support thereof, Comcast alleges as follows:

**NATURE OF ACTION**

1. Comcast asserts a counterclaim herein for breach of contract against CommWorks for breaching the Patent Sale Agreement between Intellectual Ventures Assets 135 LLC and Intellectual Ventures Assets 130 LLC ("IV") and CommWorks involving a number of patents including U.S. Patent No. 8,923,846 (the "'846 Patent") and U.S. Patent No. RE42,883 (the "'883 Patent").

2. Comcast Cable Communications, LLC is a Delaware limited liability company with a principal place of business at 1701 John F. Kennedy Blvd., Philadelphia, Pennsylvania 19103.

3. Comcast Cable Communications Management, LLC is a Delaware limited liability company with a principal place of business at 1701 John F. Kennedy Blvd., Philadelphia, Pennsylvania 19103.

4. According to the Complaint in this case, counterclaim-defendant CommWorks Solutions, LLC is a limited liability company organized and existing under the laws of the State of Georgia and having its principal place of business at 44 Milton Avenue, Suite 254, Alpharetta, GA 30009.

5. CommWorks purports to be the assignee and owner of the asserted patents in this case including the ’846 Patent and the ’883 Patent. CommWorks has sued Comcast, alleging that these two patents are valid, enforceable, and infringed by Comcast. Comcast denies CommWorks’ allegations.

**JURISDICTION AND VENUE**

6. This is an action for breach of contract arising under state law. An actual case and controversy exists because CommWorks has sued Comcast alleging that the asserted patents are valid, enforceable, and infringed by Comcast; Comcast denies CommWorks’ allegations; and Comcast now brings this counterclaim for CommWorks’ breach of the Patent Sale Agreement. This Court has supplemental jurisdiction over the counterclaim pursuant to 28 U.S.C. § 1367 because Comcast’s counterclaim is related to CommWorks’ claims raised in this action. This Court has jurisdiction over the state law claim as well because Comcast’s state law claim arises from a common nucleus of operative fact as the federal claims raised herein.

7. Personal jurisdiction and venue in this District over CommWorks are proper because CommWorks filed suit in this District and pursuant to 28 U.S.C. §§ 1367 and 1391.

**COUNTERCLAIM**
**(Breach of Contract)**

8. Comcast restates and incorporates by reference the denials, admissions, allegations, and defenses contained in its Amended Answer above as if fully set forth herein.

Comcast further restates and incorporates by reference its allegations in the preceding paragraphs of this Counterclaim.

9. On information and belief, CommWorks acquired rights to the ’846 Patent and ’883 Patent pursuant to the terms of the Patent Sale Agreement entered between IV and CommWorks in November 2019. Years earlier in 2008, [redacted] On information and belief, the parties to these agreements have performed their respective duties under these contracts.

10. In 2021, CommWorks sued Comcast for infringement of the licensed patents accusing Comcast’s Xfinity Mobile service of infringement. [redacted] Thus, Comcast is a Verizon customer and a third-party beneficiary of the Patent Sale Agreement.

11. [redacted]

[redacted]

12. As an intended third-party beneficiary of the Patent Sale Agreement, Comcast has already sustained damages as a result of CommWorks' breach of contract—in reputational damage and attorneys' fees and costs incurred in responding to this lawsuit. These damages grow every day as Comcast is forced to incur additional attorneys' fees and costs in defending against CommWorks' meritless infringement claims based on the licensed patents. And, although Comcast does not infringe and the accused Xfinity Mobile service is licensed under the licensed patents, there is the possibility of an adverse judgment against Comcast and an award of damages in CommWorks' favor, which would further increase the damages caused by CommWorks' breach of contract in its wrongful pursuit of this infringement lawsuit.

13. As a result of CommWorks' breach of the Patent Sale Agreement, Comcast is entitled to recover its attorneys' fees under Texas Civil Practice and Remedies Code section 38.001, and Comcast will seek a full recovery of its attorneys' fees incurred in prosecuting this counterclaim and defending against this lawsuit.

14. Comcast reserves the right to rely on the provisions of the Patent Sale Agreement identified above, as well as [redacted], that will help support Comcast's breach of contract counterclaim. Comcast is informed and believes that CommWorks is, and has been, in possession of all these agreements.

## **DEFENDANTS' DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants demand a trial by jury on all issues so triable.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Comcast respectfully requests the following relief:

A. A judgment that CommWorks breached its contractual obligations under the Patent Sale Agreement causing harm to Comcast as a third-party beneficiary of the contract;

B. An award of all damages caused by CommWorks' breach of contract;

C. Comcast's attorney fees available under Texas Civil Practice and Remedies Code section 38.001; and

D. All such other and further relief as the Court deems just and proper.

Dates: April 8, 2022

Respectfully submitted,

By: /s/ *James L. Day*

Deron R. Dacus
State Bar No. 00790553
**The Dacus Firm, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
ddacus@dacusfirm.com

James L. Day (*pro hac vice* pending)
California State Bar No. 197158
Eugene Y. Mar
California State Bar No. 227071
**Farella Braun + Martel LLP**
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Phone: (415) 954-4400
Fax: (415) 954-4480
jday@fbm.com
emar@fbm.com

*Counsel for Defendants Comcast Cable Communications, LLC, Comcast Cable Communications Management, LLC, and Comcast Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2022, I caused the foregoing document to be electronically filed with the Clerk of the Court through the ECF system, which will send notification of such filing to all counsel of record.

/s/ *James L. Day*